*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 4, 2014                    518763
_____

In the Matter of the Claim of
    SAMUEL H. LUSTGARTEN,
                        Respondent.

NEW YORK PSYCHOTHERAPY AND
    COUNSELING CENTER,                      MEMORANDUM AND ORDER
                        Appellant.

COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:  October 21, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ.

_____

        FordHarrison LLP, New York City (Phillip K. Davidoff of
counsel), for appellant.

        Michelle I. Rosien, Philmont, for Samuel H. Lustgarten,
respondent.

_____

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed June 13, 2013, which ruled that New York
Psychotherapy and Counseling Center was liable for unemployment
insurance contributions based on remuneration paid to claimant
and others similarly situated.

        Claimant is a psychiatrist who provided services for
clients of New York Psychotherapy and Counseling Center
(hereinafter NYPCC) for approximately 10 years.  After his
employment ended, he applied for unemployment insurance benefits.
The Department of Labor initially determined that claimant was an
employee of NYPCC and that NYPCC was liable for contributions

based on remuneration paid to claimant and others similarly situated. NYPCC objected on the ground that claimant was an independent contractor. Following a hearing, the Administrative Law Judge sustained the initial determination and the Unemployment Insurance Appeal Board affirmed. NYPCC now appeals.

We affirm. "Whether there exists an employee-employer relationship is a factual question to be resolved by the Board and we will not disturb its determination when it is supported by substantial evidence in the record" (Matter of McCollum [Fire Is. Union Free Sch. Dist.—Commissioner of Labor], 118 AD3d 1203, 1203 [2014] [citation omitted]; see Matter of Joyce [Coface N. Am. Ins. Co.—Commissioner of Labor], 116 AD3d 1132, 1133-1134 [2014]). Further, "[w]here, as here, medical professionals are involved, the pertinent inquiry is whether the purported employer exercised overall control over the work performed" (Matter of Scinta [ExamOne World Wide Inc.—Commissioner of Labor], 113 AD3d 959, 960 [2014]; accord Matter of Goddard [Summit Health, Inc.— Commissioner of Labor], 118 AD3d 1200, 1201 [2014], lv dismissed 24 NY3d 975 [2014]).

Here, evidence was presented that NYPCC referred the patients to claimant and scheduled their initial appointments. NYPCC paid claimant an hourly wage for the time he treated the patients and NYPCC would bill the patients. Claimant was paid whether or not NYPCC was reimbursed by the patients or their health plans. Claimant worked in an office provided by NYPCC on NYPCC's premises — for which he only paid a nominal weekly fee of $9.87 — and would generate a treatment record that is accessed by NYPCC's doctors and staff. Based upon the foregoing, we conclude that substantial evidence supports the Board's determination that NYPCC retained sufficient overall control over the work performed by claimant and those similarly situated in order to establish an employee-employer relationship, notwithstanding other proof in the record that could support a contrary result (see Matter of Goddard [Summit Health, Inc.—Commissioner of Labor], 118 AD3d at 1201-1202; Matter of Scinta [ExamOne World Wide Inc.—Commissioner of Labor], 113 AD3d at 960-961).

Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court